# CIRCUIT COURT OF SCOTT COUNTY

Tracey Lynn Collins

 v.

Ernie Benko,
Administrator
of the Estate of
Terry Lynn Lucas,
deceased

January 12, 1998

Case No. CL96-111

BY JUDGE FORD C. QUILLEN

The matter is before the Court on a Motion for Summary Judgment, considered by the Court on the amended pleadings by the plaintiff, depositions, memoranda, and argument by counsel. The plaintiff, a student at Twin Springs High School, along with two other female students, collided with an automobile driven by the defendant's decedent, Terry Lynn Lucas, whose car was occupied by three other male students. As a result of the accident, Terry Lynn Lucas and two of his passengers were killed, and the third passenger was seriously injured. The plaintiff states that she escaped without physical injury and with minor damage to her automobile.

## Abbreviated Facts of the Accident

The facts of the accident as related in the plaintiff's deposition are as follows. The plaintiff and her passengers were in route from Twin Springs High School to the Scott County Vocational School located at Gate City, Virginia. Near a location described in the deposition as the Antioch Church, they began following the vehicle being driven by Terry Lynn Lucas. At that location, one of the passengers in the Lucas vehicle held out a bottle of YooHoo and the contents of the YooHoo went on the plaintiff's

windshield, and he then let go of the bottle, causing her to swerve and almost hit a car. She then cleaned off the windshield and got back in control of her car. "They [the Lucas vehicle] slowed down to about 45 miles an hour. I got to the passing zone, and I flipped my signal on to go around them. I got up beside them, and they started speeding up on me. There's a car that topped the hill coming at me, so I had to give it some gas to get around it. Miranda Hall said, 'Tracey, watch, he is coming at you.' And the next thing I knew he [Lucas] hit me and knocked me out of the road. I just let off the gas, and I was worried about me and the people in my car at the time.

"There was a hill there I possibly could have gone over. I let off the gas and got my car back in the road, and the right side, back side, hit the front end, and I looked up and they were spinning around. And they flipped over part of the cab in this little parking lot and hit a house. I got my car stopped, and I went back down there to check on them . . . ."

She also stated that she was aware that the driver of the other vehicle had previously played around with people on the road and, in fact, had previously played around with her on the road.

## *Damages*

Although the plaintiff's automobile impacted the decedent's vehicle and swerved off the road, the plaintiff claims no physical injuries. She does, however, claim depression and emotional distress which required treatment. The plaintiff attributes much of her emotional distress and depression to (1) being involved in the death of three close friends who were killed in this accident; (2) the principal at her high school told her that students were blaming her for the incident, and he would not let her drive her car to school after it was repaired; and (3) on different occasions, certain students called her a "murderer."

The issue before the court is whether a claimant in a traditional automobile negligence claim which alleges no physical injury can recover for emotional distress based on outrageous and intolerable conduct.

Traditionally, in Virginia, lawsuits arising from automobile accidents are based upon negligence. There is a public policy argument for having certainty in this law. The litigants need to know what to expect. Insurance rates have a major effect upon the cost of transportation, and all parties need to know the possible range of verdicts and elements of damages that can be expected. The Court believes that is the ultimate finding in the case of *Myseros v. Sissler*, 239 Va. 8 (1990), in which the Supreme Court held

there can be no recovery for emotional disturbance in the absence of resulting physical injury. The requirement of a physical injury prevents claims for emotional distress which might be easy to embellish or do not in fact exist.

A close examination of the claims which the plaintiff is presenting in this case shows that they are a myriad of potential claims not herebefore allowed. For example,

(1) Being involved in the death of three close friends who were killed in this accident. This in effect is a claim for solace, which is reserved for the beneficiaries in a wrongful death case.

(2) The principal at her high school told her that students were blaming her for the incident, and he would not let her drive her car to school after it was repaired. This is a claim for harassment and intentional distress.

(3) On different occasions, certain students called her a "murderer." This is a claim of slander and insulting words.

In Virginia, emotional suffering based on physical injury has always been allowed in the traditional automobile accident case through the damage instruction which allowed for mental anguish (or mental suffering). The jury may infer pain and mental anguish from the nature, character, and extent of physical injuries. *See Bruce v. Madden*, 108 Va. 636 (1968). To allow an automobile claim to be enlarged to include the elements of alleged emotional distress without physical injury as sought by the plaintiff in this case would bring uncertainty and could promote frivolous claims.

In the traditional automobile accident case, negligence is the standard, and for punitive damages, willful and wanton conduct is the standard. To change automobile accident liability law to accommodate the plaintiff's claim, one would have to revamp the entire fault theory and consider whether the conduct is outrageous and intolerable, two words which are completely foreign to the courts in motor vehicle liability claims.

The Virginia courts have made a distinction between tactile (touching) emotional injuries and non-tactile (non-touching) emotional injuries, requiring proof of a physical injury before there can be a recovery in a tactile injury and requiring clear and convincing evidence of outrageous and intolerable conduct before there can be recovery in a non-tactile case. This distinction, which protects the integrity of the legal system and discourages frivolous claims, should be maintained.

The Court holds that a claim of this type is not allowed under Virginia law, and the Court adopts the Statement of Facts and the Memorandum filed by the defendant as part of this letter opinion.